DAVID SCOTT PAULSON, A MINOR, BY NORMAN B. PAULSON, HIS FATHER AND NATURAL GUARDIAN, AND ANOTHER v. NORA JARMULOWICZ.

128 N. W. (2d) 763.

May 29, 1964—No. 39,098.

*Robb, Robb & Van Eps* and *Douglas D. Reid, Jr.*, for appellant.
*Paul D. Tierney*, for respondents.

SHERAN, JUSTICE.

On January 21, 1960, at approximately 6:30 p. m., David Paulson, 2½ years of age, was scalded by the contents of a coffee percolator about 15 minutes after arriving at the home of defendant, his grandmother, where he, his parents, and his infant brother were to be guests for dinner. The percolator had been placed by the defendant near the edge and middle of the narrower side of a 32 by 45½-inch table. It was attached, by a 6-foot 3-inch cord, to an electrical outlet located about 6 inches above it and 20 inches away, so that the cord looped down in the space between the table and the wall. David, having "helped" his grandmother set the table as the coffee percolated, was standing, the instant before the accident, on a chair about 12 inches from the cord and about 18 inches from the heated coffee. Then he fell or stepped into the open space, hitting the cord and pulling the percolator onto himself. The contents poured onto the back of his neck and body as he was lying face down, the cord beneath him.

The question at issue is whether there is an absence of actionable negligence as a matter of law.

The trial judge instructed:

"* * * If Mrs. Jarmel knew of an artificial condition in her home and realized that it involved an unreasonable risk to David and had reason to believe that David, because of his youth, would not discover the condition or realize the risk involved, then and only then was it Mrs. Jarmel's duty to exercise reasonable care to make such condition reasonably safe.[1]

\* \* \* \* \*

---

[1]Minnesota Jury Instruction Guides, Instruction 331, reads: "If a pos-

"Reasonable care is that degree of care which adult persons of ordinary prudence usually exercise in the same or similar circumstances.

*"Where a child is known to be in the vicinity, a degree of vigilance commensurate with the greater hazards created by his presence is required of a person to measure up to the standard of what the law requires as reasonable care. Failure to exercise such care would be negligence."*[2] (Italics supplied.)

■ Determining from the record whether there is an absence of actionable negligence as a matter of law is not easy. To say that negligence is to be found where a host permits a 2½-year-old child to be present in the kitchen while the meal is being prepared—or to stand on a chair—or to be near a table on which fluids are placed, is to impose a duty of care inconsistent with accepted patterns of behavior in the home. We do not think negligence can be based on these aspects of this case. We affirm the trial court's determination that defendant's negligence was for the jury because we are satisfied that de-

---

sessor of land knows or from facts known to him has reason to know that activities on the premises involve an unreasonable risk of harm to a licensee and should expect that the licensee will not discover or realize the danger, then, unless the licensee is already aware or from facts known to him should be aware of the activities and of the risk involved, the possessor has a duty:

"1. To use reasonable care for the safety of the licensee while carrying on his activity, or

"2. To use reasonable care to warn the licensee of the danger or risk involved."

The words of the instruction relating to the knowledge of the licensee and to possible efficacy of a warning are obviously inapplicable where the licensee, as here, is only 2½ years of age.

[2]See, Knox v. City of Granite Falls, 245 Minn. 11, 72 N. W. (2d) 67, 53 A. L. R. (2d) 1091. Cf. Minn. J. I. G., Instruction 103, which reads: "Where a person (knows) (has reason to know) that children are likely to be in the vicinity, the greater hazard created by their presence (or probable presence) is a circumstance to be considered in determining whether reasonable care was used. The duty, however, always remains the same—reasonable care under the circumstances."

fendant's activity in percolating coffee with the electric cord hanging in an open and accessible area near the chair where the 2½-year-old child was known to be and from which, bearing in mind the characteristics of children of this age, he could be expected to fall or jump created an unusual hazard, readily avoidable and of serious consequence. From the record it is clear that defendant knew that the percolator was filled with hot coffee since she testified that she had filled it originally and that percolation had completed just about the time that David fell. She knew or had reason to know that David's parents were in another part of her apartment and, therefore, were not supervising him; that he was near the table and close to the percolator as she proceeded to set places for the evening meal; that the chair on which he was standing was near the suspended cord. She knew or should have known that if David jumped or fell from the chair on which he was standing, he could easily come in contact with the cord, causing the percolator, which because of its shape was easy to move and tip, to be pulled from the table so as to spill its boiling contents on anyone near it. If defendant had contemplated the foreseeable dangers, risk of injury could have been avoided without difficulty by keeping the table pushed up against the wall (as was usual); by removing the percolator from the table until the guests were seated; or by closer supervision of the child when near the percolating coffee. These peculiar characteristics of the incident justify affirmance.[3]

■ Exception was taken to the instructions on the issue of negligence and defendant in her brief makes criticism of it, particularly that

---

[3]In Meyer v. Mitchell, 248 Minn. 397, 80 N. W. (2d) 450, the relevant authorities are assembled. For a comparable case from another jurisdiction, see Tesone v. Reiman, 117 Cal. App. (2d) 211, 255 P. (2d) 48, where a youthful guest was burned in the host's kitchen by a mangle. Putney v. Keith, 98 Ill. App. 285, relied upon by defendant, involved a situation where a child was scalded by a pan of water, but has no value as a precedent in view of Hallis v. Stover Co. 275 Ill. App. 44, where the Putney case was treated as turning entirely on a technical question of pleading. A collection of cases relating to the liability of a homeowner to his guests is to be found in Annotation, 25 A. L. R. (2d) 598.

part italicized above. The record does not show that a different manner of expressing defendant's duty was proposed by defendant at trial in the form of a requested instruction or otherwise. Reversible error on the ground of improper instructions has not been established.
Affirmed.