NORTH STAR MUTUAL INSURANCE COMPANY, Appellant,

v.

Darryl JOHNSON, et al., Respondent.

No. C5-83-1837.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Marcus J. Christianson, Christianson & Christianson, Minneota, for appellant.

S. Todd Rapp, Robins, Zelle, Larson & Kaplan, St. Paul, for respondent Johnson.

Willard L. Converse, St. Paul, for respondent Milwaukee Mut.

Considered and decided by FOLEY, P.J. and SEDGWICK, and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

North Star appeals a declaratory judgment holding that the company is obligated to defend Vernon Janssen in a personal injury and wrongful death action arising from an accident in May 1982. North Star contends that it is not obligated to defend ·Janssen because the damage arose out of the use, operation or maintenance of a vehicle, and Janssen's farm insurance policy does not cover such damages. We affirm.

## FACTS

Vernon Janssen owned a farm sprayer. The self-contained unit had two arms which extend to spray liquid chemicals. When not in use the arms were hooked to the frame of the sprayer. Each spring Janssen bolted the sprayer to the bed of his pickup truck. It remained in the truck until the end of the spraying season.

In May 1982, Janssen was driving home after a social visit when the left arm of the sprayer suddenly extended and smashed into the windshield of a car traveling the other direction. Darryl and Bonnie Johnson were injured and their daughter was killed in the accident. The Johnsons brought a wrongful death and personal injury action against Janssen and the manufacturer of the sprayer. Their complaint alleged negligent driving and negligent maintenance of the sprayer by Janssen.

Janssen had an auto policy with Milwaukee Mutual Insurance and a farm policy with North Star Mutual Insurance. North Star sought a declaratory judgment that its policy did not cover the accident. Upon cross motions for summary judgment, the trial court determined that both policies apply and that North Star has a duty to defend Janssen.

## ISSUE

Did the trial court err in holding that negligence in securing sprayer arms to a sprayer bolted to the bed of a pickup truck is an act independent of use, maintenance or operation of the vehicle?

## ANALYSIS

■ Minnesota recognizes that an insured is entitled to concurrent insurance coverage under an auto policy and a home owner's or farm policy where two independent acts of negligence, one vehicle related and one not vehicle related, are involved. *Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917, 921 (Minn.1983).

■ Johnsons' complaint alleges two distinct negligence claims, i.e., that Janssen failed to operate his pickup truck at a safe and reasonable speed, and that he failed to properly secure the arms of the sprayer to the sprayer unit. In a well-written and well reasoned decision, the trial court found that the alleged negligence in securing the sprayer arms was an independent act, not related to the operation or use of the vehicle. Since the act was not vehicle related, the court found that Janssen's farm policy applies and North Star has a duty to defend. We agree.

North Star contends that under the motor vehicle exclusion of Janssen's policy, any negligence in securing the sprayer arms was, by definition, vehicle related. The policy provides that coverage does not apply:

(c) To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: * * *

(2) any motor vehicle owned or operated by * * * any insured; * * *

It defines "motor vehicle" as:

* * * a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any * * * farm implement, * * *

North Star argues that because the sprayer unit was bolted to the pickup truck it became part of the motor vehicle under the policy. Therefore, North Star contends, if Janssen was negligent in securing the arms of the sprayer to the frame of the unit, the negligence was vehicle-related and was excluded by the motor vehicle exclusion of the policy.

■ The exclusion does not relieve North Star of its duty to defend Janssen. If any part of a cause of action is arguably within the scope of coverage, the insurer has a duty to defend. An insurer seeking to avoid affording a defense has the burden of demonstrating that *all* parts of the cause of action fall clearly outside the scope of coverage. *Prahm v. Rupp Const. Co.,* 277 N.W.2d 389, 390 (Minn.1979). Any ambiguity should be construed in favor of the insured and against the insurer. *Fillmore v. Iowa Nat'l. Mut. Ins. Co.,* 344 N.W.2d 875, 877 (Minn.Ct.App.1984). Terms should not be so strictly construed as to lead to a harsh or absurd result. *Employers Mut. Liability Ins. Co. v. Eagles Lodge,* 282 Minn. 477, 165 N.W.2d 554 (1969).

North Star's literal interpretation of the motor vehicle exclusion is unreasonable. Janssen paid North Star premiums to insure against the risk of negligent use or maintenance of farm equipment. The policy specifically covers the farm sprayer. If that coverage ceases whenever the sprayer is attached to the truck, the policy becomes virtually worthless. Then the policy would cover the sprayer only when it is in storage between spraying seasons, not when it is in use. This result was never intended.

We find that the inclusion of attached machinery within the policy definition of "motor vehicle" is intended to protect North Star from liability for automobile accidents where a farm machine happens to be attached to the vehicle involved. It does *not* insulate North Star from liability for negligent maintenance of farm equipment solely because the equipment is attached to a motor vehicle.

Had the *truck* rather than the sprayer arm collided with the Johnson car, the exclusion would have precluded coverage because the accident would have arisen solely out of operation of the vehicle. However, the actual accident allegedly resulted from two independent causes—Janssen's negligence in operating the vehicle *and* in securing the sprayer arms to the unit. Since negligent maintenance and use of the sprayer is covered by the farm policy, North Star has a duty to defend, notwithstanding that the sprayer was attached to the pickup when the accident occurred.

## DECISION

We affirm the declaratory judgment holding that North Star is obligated to defend the insured. The motor vehicle exclusion of the insured's farm policy does not exclude coverage for negligent maintenance of farm equipment solely because the equipment is attached to a motor vehicle.