PENNSYLVANIA GENERAL
INSURANCE COMPANY,
Appellant,

v.

Ernest E. CEGLA, Sandra Cummings, Trustee for the Heirs of Howard Cummings, Charles F. Habiger, Intervenor, Respondents.

No. C6-85-1818.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Review Denied April 18, 1986.

Kenneth P. Gleason, Minneapolis, for Pennsylvania General Ins. Co.

Thomas F. Hutchinson, Minneapolis, for Ernest E. Cegla.

William D. Foster, Minneapolis, for Sandra Cummings, Trustee for the Heirs of Howard Cummings.

Gary F. Albrecht, Minneapolis, for Charles F. Habiger.

Heard, considered, and decided by POPO-VICH, C.J., and WOZNIAK and SEDG-WICK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a finding of coverage under respondent's homeowner's insurance policy. We affirm.

## FACTS

In September 1983, Ernest Cegla loaded a roll of wire mesh into his truck. The roll was not tied down. Howard Cummings was driving his motorcycle behind Cegla when the wire fell onto the highway, causing Cummings to lose control of the motorcycle. Charles Habiger, who was following Cummings in a pickup truck, struck and killed Cummings.

Cegla submitted claims to both his vehicle insurance company, Allstate Insurance Company, and his homeowner's insurance company, Pennsylvania General Insurance Company. Allstate did not deny coverage. Pennsylvania General, however, denied coverage and commenced a declaratory judgment action. All parties move for summary judgment. The trial court found coverage under the Pennsylvania General homeowner's policy.

## ISSUE

Does Cegla's homeowner's liability insurance policy provide coverage?

## ANALYSIS

The Pennsylvania General policy excludes bodily injury or property damage "arising out of the ownership, maintenance, use, loading or unloading of * * * a motor vehicle owned or operated by, or rented or loaned to any insured * * *." Pennsylvania General claims this clause excuses it from liability for any claim arising out of this accident.

Cegla's failure to tie down the wire roll was, however, a nonvehicle-related act, triggering coverage under the homeowner's policy. It was a separate and independent act which concurred with the vehicle-related act of driving to cause Cummings' death.

This case is analogous to *Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917 (Minn.1983), where the nonvehicle-related act of placing live embers in open barrels triggered coverage under a homeowner's policy when it concurred with the vehicle-related act of driving to cause a nine-day forest fire. *See also Jorgensen v. Auto-Owners Insurance Co.*, 360 N.W.2d 397 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. April 12, 1985) (motorist's effort to prevent further damage by removing gasoline can from trunk of burning car was not sufficient to break causal link between injury and use of automobile); *North Star Mutual Insurance Co. v. Johnson*, 352 N.W.2d 791 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 9, 1985) (alleged negligence in securing arms of farm sprayer attached to pickup truck was an independent act not related to operation or use of truck for purposes of farm policy exclusion).

## DECISION

The trial court is affirmed.