**CITIZENS SECURITY MUTUAL
INSURANCE COMPANY,
Respondent,**

v.

**Steven LEVINSON, as Special
Guardian for Megan Mestery,
Appellant,**

**Barbara Holthusen, Respondent,**

**Donald Mestery, et al., Appellants.**

**No. C4–89–529.**

Court of Appeals of Minnesota.

Sept. 19, 1989.

George F. Vogel, Holst, Vogel, Erdmann & Vogel, Red Wing, for Citizens Sec. Mut. Ins. Co.

Kurt J. Marben, Charlson & Marben, P.A., Thief River Falls, for Steven Levinson, as Special Guardian for Megan Mestery.

Jay Fiedler, Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, N.D., for Barbara Holthusen.

Paul E. Grinnell, Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for Donald Mestery, et al.

Heard, considered and decided by HUSPENI, P.J., and NORTON and LOMMEN,* JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Steven Levinson (special guardian for Megan Mestery, a minor), Donald Mestery (Megan's father), and Falls Clinic (Donald's employer) appeal summary judgment granted in favor of respondent Citizens Security Mutual Insurance Company. The trial court held that Donald's homeowners insurance policy precluded coverage for personal liability for injuries sustained by Megan after exiting a vehicle driven by Donald. We affirm.

### FACTS

The facts of this case are fully presented in *State Farm Mutual Automobile Insurance Company v. Levinson*, 438 N.W.2d 110, 111–112 (Minn.Ct.App.1989). To briefly summarize, Donald was driving a GMC Suburban, owned by his employer, Falls Clinic, and insured by State Farm Insurance, accompanied by his son, Brent, in the middle seat and his daughter, Megan, in the third seat. He parked the vehicle across the street from his friend's house. He and Brent exited the Suburban, leaving Megan, who was apparently asleep, in the back seat. They crossed the street. As they approached the sidewalk to the friend's house, they heard a screeching of brakes. They turned and saw Megan lying in the street near a car driven by Barbara Holthusen. The left rear door of the Suburban was ajar approximately three inches. Megan's head was the furthest part of her body from the vehicle and was no more than four feet away from the door from which she exited. Megan suffered severe and permanent injuries with damages exceeding the $50,000 liability insurance limits on Holthusen's vehicle.

Citizens commenced a declaratory judgment action requesting the court to declare that Megan's injuries arose out of the use, loading or unloading of the Suburban and, thereby, precluding coverage under Donald's homeowners insurance policy. Citizens' motion for summary judgment was granted. Appellants brought this appeal contending that Megan's injuries were caused by two independent acts of negligence, one vehicle-related and one nonvehicle-related. They claim that a genuine issue of fact exists regarding whether Donald Mestery's alleged negligent supervision of his child was a nonvehicle-related cause of Megan's injuries and covered by the homeowners insurance policy.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ISSUE

Did the trial court err in concluding that Donald Mestery's alleged negligence was not divisible into a vehicle-related and a nonvehicle-related cause of Megan Mestery's injuries and, thereby, precluding coverage under Donald's homeowners insurance policy?

## ANALYSIS

On appeal from summary judgment, it is the function of this court only to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03. This court must view the evidence most favorably to the one against whom the motion was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

Concurrent coverage by automobile and homeowners insurance policies for injuries causally connected to a vehicular-related act and a nonvehicular-related act has been recognized in Minnesota by *Waseca Mutual Insurance Company v. Noska*, 331 N.W.2d 917 (Minn.1983). In *Noska*, the insured drove to his home and shoveled ashes into two steel barrels containing burnt material. These barrels were loaded onto a trailer and were towed by a truck to a nearby landfill. Along the way, sparks flew from the barrels causing massive fire damage. The supreme court concluded that the insured's negligence was divisible into two independent concurrent causes, one nonvehicular (shoveling ashes into barrels at the insured's home) and the other vehicular (sparks flew from barrels as they were being towed on a trailer by a truck). The supreme court held that the homeowner insurer could not deny coverage based on a policy exclusion for claims arising out of the use, maintenance, operating, loading and unloading of a motor vehicle.

Unlike *Noska*, the present case does not involve two independent acts. In *Levinson*, this court upheld the trial court's finding that Megan was injured while alighting from the Suburban, even though no physical contact with the vehicle was shown.

438 N.W.2d at 114. There is no evidence that Donald's alleged negligence consisted of two separate and distinct actions which could have been performed concurrently by two different persons. *See Auto–Owners Insurance Company v. Selisker*, 435 N.W.2d 866 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. April 24, 1989). Megan's injuries are a natural and reasonable consequence of the use of the Suburban, and are clearly covered by the automobile insurance policy. *See Tlougan v. Auto–Owners Insurance Co.*, 310 N.W.2d 116, 117 (Minn.1981). The failure to supervise a child while she is alighting from a motor vehicle is not divisible from the use of the vehicle itself.

## DECISION

The trial court did not err in concluding that Donald Mestery's alleged negligence was not divisible into two independent concurrent acts, thereby precluding coverage under his homeowners insurance policy.

Affirmed.