**Peng VANG, as Trustee for the heirs and next-of-kin of Xai Kong Vang, judgment creditor, Respondent,**

v.

**Shoua VANG, et al., Judgment Debtors,**

**and**

**Farm Bureau Mutual Insurance Company, judgment garnishee, Appellant.**

No. C3–92–368.

Court of Appeals of Minnesota.

Sept. 15, 1992.

Review Denied Nov. 17, 1992.

Mark S. Genereux, Douglas B. Fink Law Offices, P.A., St. Paul, for respondent.

A. James Dickinson, Stringer & Rohleder, Ltd., St. Paul, for appellant.

Considered and decided by PARKER, P.J., and AMUNDSON and SCHULTZ,* JJ.

## OPINION

AMUNDSON, Judge.

This case arises out of the death of Xai Kong Vang on January 16, 1988. Peng Vang as trustee for the heirs and next-of-kin of Xai Kong Vang, sued Shoua Vang, the driver of the truck that hit Xai Kong Vang; Hiawatha Valley Farm Coop, which owned the truck; and Mary Ann Lavin, both individually and as personal representative of the Estate of Larry Lavin. The truck was insured by Auto Owners Insurance Company, which provided liability limits of $50,000. Shoua Vang was also an insured under a farm liability policy issued by appellant Farm Bureau Mutual Insurance Company, which provided liability limits of $300,000. Auto Owners provided a defense; Farm Bureau contended the claim against Shoua Vang was excluded from coverage under its policy. Peng Vang and Shoua Vang entered into what they termed a *Miller–Shugart* settlement, pursuant to which judgment was entered against Shoua

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Vang in the amount of $350,000. Auto Owners has paid its liability limits of $50,000, leaving $300,000 unsatisfied.

The action against the Lavins proceeded to trial on August 19 and 20, 1991. The jury returned a verdict finding that Larry Lavin, Shoua Vang, and Xai Kong Vang were all causally negligent. The jury apportioned the negligence 32% to Larry Lavin, 33% to Shoua Vang and 35% to Xai Kong Vang.

The present action is a garnishment action to enforce the judgment entered pursuant to the *Miller–Shugart* settlement. Leave to file a supplemental complaint was allowed by order of June 30, 1989. Farm Bureau moved for summary judgment; this motion was denied. Peng Vang's subsequent motion for summary judgment was granted as to the issue of the reasonableness of the *Miller–Shugart* settlement. It was denied with respect to the question whether there is insurance coverage under the Farm Bureau policy. Following the jury trial in the action against Lavins, the parties brought cross motions for summary judgment. The trial court granted respondent's motion for summary judgment and denied Farm Bureau's subsequent motion to vacate the judgment. Farm Bureau now appeals, and we affirm.

### FACTS

Xai Kong Vang and Shoua Vang were brothers. They were involved in the Hiawatha Valley Farm Coop, an agricultural venture consisting of approximately 13 families. The coop owned some cattle. On January 16, 1988, Shoua Vang, Xai Kong Vang, and several members of their families went to the Lavin farm to buy hay for the cattle.

The barn in which the hay was kept had a large sliding door on one side. The truck was to be backed through this large door into the barn. Just inside the barn, there was a fairly small door which led to an area where the Lavins kept pigs. The latch on

1. Larry Lavin died in an unrelated accident approximately one month after Xai Kong Vang's death. The wrongful death action pro-

this smaller door did not keep the door closed.

While Shoua Vang backed the truck into the barn, Xai Kong Vang walked behind the truck on the driver's side, giving Shoua Vang directions. As the truck backed into the barn, the small interior door was open. Xai Kong Vang pushed the door shut, but it swung open again. Xai Kong Vang was pinned between the truck and the door and died as a result of his injuries.

Shoua Vang had been to the Lavin farm before. On a prior occasion, in 1986 or 1987, Shoua Vang had almost been killed in the same manner in which Xai Kong Vang died.

The truck involved in this accident was owned by Hiawatha Valley Farm Coop and insured by Auto Owners Insurance Company. In addition, Shoua Vang was the named insured on a farm policy issued by appellant Farm Bureau. The Farm Bureau policy excludes liability coverage for bodily injury

> arising out of the ownership, negligent entrustment, maintenance, use, loading or unloading of:
>
> \*     \*     \*     \*     \*     \*
>
> ii. a motor vehicle owned or operated by, rented or loaned to any insured while away from the insured premises.

Peng Vang commenced a wrongful death action against Shoua Vang, Hiawatha Valley Farm Coop and the Lavins.[1] The complaint alleged:

### V.

Prior to leaving from his farm, defendant, Shoua Vang, had knowledge of a dangerous condition existing at the farm of defendants Larry M. Lavin and Mary Ann Lavin, and in planning and preparing the trip to pick up the hay he failed to warn decedent, Xai Kong Vang, of said dangerous condition.

ceeded against his widow, Mary Ann Lavin, individually and as personal representative of the estate of Larry Lavin.

## VI.

That as a direct and proximate result of defendant Shoua Vang's negligent failure to warn decedent, Xai Kong Vang, of the dangerous condition, Xai Kong Vang suffered injuries that ultimately resulted in his death.

\*   \*   \*   \*   \*   \*

## VIII.

That on January 16, 1988, defendant, Shoua Vang, was backing up a farm vehicle to the barn owned by defendants, Larry M. Lavin and Mary Ann Lavin, while decedent, Xai Kong Vang, was standing between the farm vehicle and a dangerous condition of which defendant, Shoua Vang, had knowledge.

## IX.

That as a direct and proximate result of the negligence of Shoua Vang in permitting decedent, Xai Kong Vang, to be placed in a position of danger, decedent suffered injuries which resulted in his death.

The complaint also alleged that Shoua Vang negligently operated the truck involved in the accident.

Auto Owners provided a defense to Shoua Vang and Hiawatha Valley Farm Coop. Farm Bureau, contending the claims against Shoua Vang arose out of the loading of a motor vehicle away from the insured premises, refused to provide a defense.

The claims against Shoua Vang were settled. Under the terms of the settlement, Auto Owners paid its $50,000 policy limits; enforcement of the remainder of the settlement was limited to available insurance coverage. The settlement agreement stated that Shoua Vang failed to warn Xai Kong Vang that the door inside the barn did not close properly, that the door could create a dangerous condition and, as a result, Xai Kong Vang unknowingly placed himself in such a position that, when Shoua Vang operated the motor vehicle in a negligent manner, it resulted in the death of Xai Kong Vang.

The settlement agreement specified that the claims against the Lavins were not settled by the agreement. Judgment was entered on the settlement in the amount of $350,000. The claims against the Lavins proceeded to trial, at which a jury found Shoua Vang, Xai Kong Vang, and Larry Lavin were all causally negligent and apportioned the negligence 32% to Larry Lavin, 33% to Shoua Vang, and 35% to Xai Kong Vang. The jury determined only liability, not damages.

Following the jury verdict, respondent and Farm Bureau brought cross motions for summary judgment on the coverage issue. The trial court determined coverage existed under the Farm Bureau policy, and Farm Bureau has appealed.

## ISSUES

1. Did the trial court err in determining the settlement between Peng Vang and Shoua Vang is enforceable?

2. Did the trial court err in determining the Farm Bureau policy provides coverage for the claims brought by Shoua Vang?

## ANALYSIS

### Standard of Review

On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Interpretation of an insurance contract presents a question of law which this court reviews de novo on appeal. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978).

### The Miller–Shugart Settlement

Farm Bureau contends the settlement at issue was not a *Miller–Shugart* settlement, but was a *Pierringer* release. Farm Bureau contends the $50,000 paid by Auto Owners Insurance Company released Farm Bureau's insured and, for this reason, the trial court's decision must be reversed. We disagree.

The basic elements of a *Pierringer* release are: (1) the release of the settling

defendant from the action and the discharge of a part of the cause of action equal to that part attributable to the settling defendant's causal negligence; (2) the reservation of the remainder of the plaintiff's causes of action against the nonsettling defendants; and (3) the plaintiff's agreement to indemnify the settling defendant from any claims of contribution made by the nonsettling defendants and to satisfy any judgment obtained from the nonsettling defendants to the extent the settling defendants have been released. John E. Simonett, *Release of Joint Tortfeasors: Use of the Pierringer Release in Minnesota*, 3 Wm. Mitchell L.Rev. 1, 3, 8 (1977), *cited in Frey v. Snelgrove*, 269 N.W.2d 918, 920 n. 1 (Minn.1978). The practical effect of the *Pierringer* release is to limit the plaintiff's recovery to the percentage of fault attributable to the nonsettling defendants. *See Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794, 797 (Minn. 1987); *Lange v. Schweitzer*, 295 N.W.2d 387, 390 (Minn.1980).

The *Miller–Shugart* settlement, on the other hand, is based on contract principles. *Nichols v. Meilahn*, 444 N.W.2d 872, 874–75 (Minn.App.1989), *pet. for rev. denied* (Minn. Nov. 15, 1989).

> In an authentic *Miller–Shugart* settlement, the insurer has denied all coverage, and the abandoned insured, left on its own, agrees with the plaintiffs that judgment in a certain sum may be entered against it in return for the plaintiffs releasing the insured from any personal liability.

*Buysse v. St. Paul Fire & Marine Ins. Co.*, 481 N.W.2d 27, 29 (Minn.1992).

The settlement at issue in the present case contains elements of both a *Miller–Shugart* settlement and a *Pierringer* release. As with a *Pierringer* release, the release in this case released one defendant, while preserving the plaintiff's claim against the remaining nonsettling defendants. In addition, the release effectively provided that any recovery from Lavins would be limited to the extent of the causal negligence found by the jury against the Lavins.

The settlement also contains elements of a *Miller–Shugart* settlement. The judgment was enforceable only to the extent of the available insurance coverage. The agreement specifically provides the parties "kept in mind and have been guided by" *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982).

We do not agree the settlement at issue released Shoua Vang absolutely. The fact the settlement was contingent upon establishing coverage under the Farm Bureau policy does not mean the $50,000 payment from Auto Owners constitutes a *Pierringer* release. *See Frey*, 269 N.W.2d at 920 n. 1. Farm Bureau cites no authority for the proposition that a *Miller–Shugart* settlement cannot release one tortfeasor while reserving the right to press claims against others.

Farm Bureau also contends the jury determination that Xai Kong Vang was more negligent than either Shoua Vang or Larry Lavin precludes coverage in this case. Farm Bureau relies on this court's decision in *Economy Fire & Cas. Co. v. Iverson*, 426 N.W.2d 195 (Minn.App.1988), *aff'd in part, rev'd in part*, 445 N.W.2d 824 (Minn. 1989).

We disagree. In *Iverson*, a declaratory judgment action was brought to resolve the coverage dispute. While the jury in the declaratory judgment action was deliberating, the plaintiff and the insured entered into a purported *Miller–Shugart* settlement in which the insured admitted negligently injuring the plaintiff. The jury returned a verdict finding the insured intentionally injured the plaintiff. This finding conclusively established the insurer was not obligated to indemnify despite its insured's admission of negligence. *Iverson*, 445 N.W.2d at 827.

*Iverson* is obviously a different case from the present one. In the present case, no declaratory judgment action was commenced. The settlement at issue was entered into long before the jury trial in the tort action commenced.

Finally, Farm Bureau contends it is entitled to a court trial to determine the reasonableness of the settlement. *See Alton*

*M. Johnson Co. v. M.A.I. Co.,* 463 N.W.2d 277, 279 (Minn.1990). Farm Bureau does not contend the amount of the settlement was unreasonable; rather, Farm Bureau claims that since the jury verdict in the court trial establishes a lack of liability on Shoua Vang, it is not obligated to pay the judgment.

█ The reasonableness of Shoua Vang's decision to enter into the settlement must be determined at the time the settlement was entered into. In reviewing the reasonableness of the settlement, the issue is not whether a jury *would have* found Shoua Vang liable; the issue is whether a jury *could have* found him liable. *Osgood v. Medical, Inc.,* 415 N.W.2d 896, 903 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 12, 1988). The burden of showing unreasonableness is on Farm Bureau. *Id.* In the trial court, Farm Bureau consistently took the position that the jury's verdict in the underlying tort action would be determinative of the reasonableness of the settlement. Farm Bureau failed to present any evidence that it was unreasonable for Shoua Vang to enter into the settlement *at the time he did so.* Having failed to present any evidence that it was unreasonable for Shoua Vang to enter into a settlement, Farm Bureau cannot complain that summary judgment on that issue was inappropriate. *See Carlisle v. City of Minneapolis,* 437 N.W.2d 712, 715 (Minn.App. 1989).

*Coverage*

█ If there is found to be no coverage under the Farm Bureau policy for the claims asserted against Shoua Vang,

> that ends the matter; there is no recovery against the insurer and the reasonableness of the settlement becomes a moot issue.

*Alton M. Johnson Co.,* 463 N.W.2d at 279.

Farm Bureau contends there is no coverage for the actions of Shoua Vang because of the motor vehicle exclusion in its policy. Respondent contends there is liability for Shoua Vang's failure to warn Xai Kong Vang of the defective door at the Lavin farm. Respondent contends Shoua Vang's negligent driving and his failure to warn of the door create a concurrent causation situation, putting this case within the holding of *Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917 (Minn.1983).

In *Noska,* the insured shoveled ashes into barrels on a trailer he was towing behind his pickup truck. The ashes were debris from brush and tree limbs that had been burned five days earlier. Apparently, some of the coals from the brush had remained hot and rekindled, escaped from the barrels, and started fires on the ground adjacent to the highway on which Noska was driving. *Id.* at 919.

Noska was sued by property owners whose land and buildings were damaged or destroyed by the resulting fires. The claims by the property owners totalled more than a half million dollars. The state made a claim of over $100,000 for the expense of fighting the fires. *Id.*

Noska sought coverage under a homeowners policy issued by Waseca Mutual. The Minnesota Supreme Court determined the fires resulted from two acts, each of which was necessary to cause the damages. The negligent act of shoveling live embers into the barrels was determined to be covered under Noska's homeowners policy; the negligent act of towing a trailer which contained barrels with live embers in them was covered under Noska's automobile liability policy. *Id.* at 920.

The Minnesota Supreme Court has emphasized:

> The question under *Noska,* however is whether the two causes *could have* operated independent of a motor vehicle to cause the loss.

*State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 65 (Minn.1992) (emphasis in original); *see also Auto–Owners Ins. Co. v. Selisker,* 435 N.W.2d 866, 868 (Minn.App. 1989) (failure to take medication before driving could not have caused loss absent use of a motor vehicle), *pet. for rev. denied* (Minn. Apr. 24, 1989); *Pennsylvania Gen. Ins. Co. v. Cegla,* 381 N.W.2d 901, 902 (Minn.App.1986) (failure to secure roll of wire mesh a separate and independent act covered under homeowners policy), *pet. for rev. denied* (Minn. Apr. 18, 1986); *North*

*Star Mut. Ins. Co. v. Johnson,* 352 N.W.2d 791, 793 (Minn.App.1984) (negligent failure to secure arms of farm sprayer attached to pickup truck an independent act unrelated to operation or use of vehicle), *pet. for rev. denied* (Minn. Jan. 9, 1985).

Shoua Vang's alleged negligence in failing to warn Xai Kong Vang of the defective door was an act that could have been done independently of Shoua Vang's negligent driving of the truck. If somebody else had been driving the truck and Shoua Vang failed to warn Xai Kong Vang of the defective door, Shoua Vang could have been held liable for failure to warn.

Similarly, Shoua Vang's failure to warn of the door was not conduct inextricably linked with operation of a motor vehicle. *See Citizens Sec. Mut. Ins. Co. v. Levinson,* 445 N.W.2d 585, 587 (Minn.App.1989) (failure to supervise child alighting from motor vehicle indivisible from use of vehicle); *Fillmore v. Iowa Nat'l Mut. Ins. Co.,* 344 N.W.2d 875, 881 (Minn.App.1984) (negligent entrustment of motor vehicle not an independent non-auto related act).

Farm Bureau argues that the negligence asserted against Shoua Vang was negligence in establishing loading procedures, which comes within the language of its exclusion. Farm Bureau relies on *St. Paul Sch. Dist. No. 625 v. Columbia Transit Corp.,* 321 N.W.2d 41 (Minn.1982) and *Faber v. Roelofs,* 311 Minn. 428, 250 N.W.2d 817 (1977). These cases involved allegations that school districts had negligently supervised students and negligently established loading procedures for its school busses. However, these cases involved situations in which the failure to supervise and the negligence in the loading procedures could not have caused injury absent the use of the school busses.

## DECISION

The settlement agreement is valid and enforceable. Farm Bureau must indemnify its insured.

Affirmed.