AUSTIN MUTUAL INSURANCE
COMPANY, Appellant,

v.

Brian D. KLANDE, Respondent,

Audrey Klande, Respondent,

Rhonda D. Klande, individually, and as parent and natural guardian of Rodney Edward Klande, Respondent.

No. C8–96–2349.

Court of Appeals of Minnesota.

June 3, 1997.

Shamus P. O'Meara, Eric J. Strobel, Peterson & Hektner, Ltd., Minneapolis, for appellant.

Brian D. Klande, Audrey Klande, Brook Park, pro se respondents.

James J. Boyd, St. Paul, for respondent Rhonda D. Klande.

Considered and decided by WILLIS, P.J., TOUSSAINT, C.J., and MULALLY, J.*

## OPINION

TOUSSAINT, Chief Judge.

Austin Mutual Insurance Company brought a declaratory judgment action to determine whether Brian D. Klande's and Audrey Klande's (the insureds) homeowner policy covered a child's burn injuries caused by accidental contact with a motorcycle's hot muffler. The district court found coverage under the policy and granted summary judgment *sua sponte*, holding that the insurer was obligated to defend and indemnify the insureds for the child's injuries. Because the insureds' alleged negligent supervision of the child was not a divisible concurrent cause of the accident, such as would implicate coverage under the insureds' homeowner policy not withstanding the motor vehicle exclusion, we reverse.

## FACTS

This case arose out of injuries suffered by Rodney Klande (Rodney), a nine-year-old child, on July 26, 1992. Rodney's injuries occurred while he was an invited guest at the home of the insureds. The insureds also have two minor children who live with them, Mitch and Jesse. Rodney and his minor brother, Rick, were scheduled to stay with the insureds for approximately one week.

At the time of the accident, the insureds owned a licensed Honda motorcycle. On the day of the accident, Mitch gave rides on the motorcycle to Rodney and Rick. After Mitch was done giving rides, he parked the motorcycle in the garage, engaging one of the two kickstands.

Some time after Mitch parked the motorcycle, Rodney wandered into the garage alone. The insureds were not home, having decided to go to the Palladium bar. After about fifteen minutes, Rodney attempted to mount the motorcycle. It then fell over and pinned him underneath. Rodney received burns to his leg when it came in contact with the still hot muffler.

Mitch responded to Rodney's screams. He lifted the motorcycle off Rodney's leg. Jesse bandaged the leg, and Rodney went to bed without further medical attention. The insureds returned from the Palladium bar around midnight. They learned of the accident the next morning. Rodney was hospitalized for eight days.

At the time of Rodney's injuries, the insureds were covered by their homeowner insurance policy issued by Austin Mutual Insurance Company (Austin Mutual). The policy included coverage for liability for bodily injury claims. The motorcycle was not insured. Rhonda Klande, Rodney's mother, maintains that Austin Mutual is obligated, under the homeowner policy, to indemnify its insureds against their liability for Rodney's injuries. Austin Mutual denies coverage based on the following exclusionary language in its insurance contract:

> This policy does not apply to bodily injury or property damage which results directly or indirectly from * * * the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading, or unloading of motorized vehicles * * * owned or operated by or rented or loaned to an insured.

Rhonda Klande has not brought a claim against the insureds for Rodney's injuries. Austin Mutual brought a declaratory judgment action against the insureds and Rhonda Klande, seeking a declaration that Austin Mutual has no obligation to defend or to indemnify the insureds for Rodney's injuries. Following an earlier summary judgment motion denied by the trial court and this court's dismissal of a certified question, Austin Mutual brought a second summary judgment motion asking the trial court to give effect to the motorized vehicle exclusion. The trial court denied Austin Mutual's motion and granted summary judgment favoring the insureds and Rhonda Klande, *sua sponte*. Austin Mutual appeals.

## ISSUE

Did the trial court err in determining Austin Mutual is obligated to provide coverage

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

for the child's injuries under the insureds' homeowner insurance policy, despite the motor vehicle exclusion?

## ANALYSIS

Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, it is the function of the reviewing court to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The interpretation of the language of an insurance contract is a question of law, which this court reviews de novo. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886, 887 (Minn.1978).

It is undisputed that Rodney's burns were caused by contact with the hot muffler on the insureds' motorcycle which had been recently used by the insureds' son. Austin Mutual contends that coverage for respondents' negligent supervision claim is expressly excluded as an injury resulting directly or indirectly from the use of a motorized vehicle owned or operated by the insured. While recognizing that the insureds' use of the motorcycle contributed to causing Rodney's injuries, respondents contend that the exclusion does not preclude coverage because the negligent supervision claim creates a concurrent causation situation putting this case within the holding of *Waseca Mut. Ins. Co. v. Noska*, 331 N.W.2d 917 (Minn.1983). Because the negligent supervision claim is so intertwined with and intimately connected to the insureds' ownership and use of the motorcycle it cannot be said that the claim arose independently of the motorized vehicle related cause. We conclude that there is no coverage under the policy.

■ An individual may recover against both a motorized vehicle and homeowner's policy where two independent acts, one vehicle-related and one non-vehicle-related, combine to cause an injury. *State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn. 1992) (quoting *Noska*, 331 N.W.2d at 921). In *Noska*, the insured shoveled ashes into barrels, placed the barrels on a trailer, and towed the trailer behind his pickup truck. *Noska*, 331 N.W.2d at 919. As the insured drove the truck, ashes escaped from the barrel and started fires adjacent to the highway. *Id.* The insured sought coverage under his homeowner's policy, and the insurer denied coverage. *Id.* The Minnesota Supreme Court determined that the fires resulted from two acts, each of which was necessary to cause the damages. *Id.* at 920. The negligent act of shoveling live embers into the barrels was determined to be covered under the insured's homeowner policy. *Id.* at 923. The negligent act of towing the trailer carrying barrels containing live embers was covered under the insured's automobile liability policy. *Id.* at 920.

Although the two acts in *Noska* were by the same person, the acts were divisible, concurrent causes because the acts of placing the burning material in containers on a truck and driving the truck could have been done by different persons. *Auto–Owners Insurance Co. v. Selisker*, 435 N.W.2d 866, 868 (Minn.App.1989) (evaluating the concurrent risks in *Noska*) (citation omitted), *review denied* (Minn. April 24, 1989). In *Noska*, the burning embers might have caused the loss through other negligence unrelated to a motor vehicle. *See Seefeld*, 481 N.W.2d at 65 (discussing *Noska*). Likewise, in *Vang v. Vang*, 490 N.W.2d 647, 653 (Minn.App.1992), *review denied* (Minn. Nov. 17, 1992), the insured's alleged negligent failure to warn of a defective door in a barn was conduct independent of his alleged negligent operation of a motor vehicle.

In this case, Rodney was not personally engaged in using the motorcycle for transportation purposes. His severe burns, however, were causally connected to the use of the vehicle for transportation purposes because the muffler was hot only as a result of recent use of the motorcycle. The motorcycle itself fell on Rodney and the intense heat from the hot muffler directly caused his burns. Thus, even though his act of climbing onto the vehicle for use as a plaything was unconnected to any transportation use of the vehicle, the motorcycle was more than the situs of the injury and the use of the vehicle

for transportation was an indirect cause of his injuries. *See Tlougan v. Auto–Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981) (under Minnesota's no-fault auto insurance statute, injury arises out of maintenance or use of motor vehicle where injury is natural and reasonable incident or consequence of use of vehicle and vehicle was more than situs of injury).

■ The plain language of the insurance contract appears to exclude all injuries caused by the insureds' use of a motor vehicle. Under *Noska*, however, for policy reasons the effect of the exclusion is limited. *See Noska*, 331 N.W.2d at 923 (where covered risk and uncovered risk concur in causing injury, it would be unfair for insured to be denied benefits). Because a homeowner's insurer agrees to pay for liability accruing to the insured from non-excluded causes such as non-automobile-related causes and accepts a premium for assuming the risk, the homeowner policy indemnifies for covered risks without regard to the intervention of other contributing uncovered causes. *See Id.* ("Coverage cannot be defeated simply because a separate excluded risk constitutes an additional cause of the injury.") (quoting *State Farm Mutual Automobile Ins. Co. v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 813, 514 P.2d 123, 125 (1973)).

■ In this case, a motorized vehicle contributed to Rodney's injuries. In addition, proper supervision might have prevented Rodney's injuries. The question under *Noska*, however, is whether the negligent supervision cause could have operated independently of the motorized vehicle cause to bring about the loss. *Seefeld*, 481 N.W.2d at 65. To answer this question, we must look with specificity at respondents' negligent supervision claim.

Courts have imposed a general duty on caretakers to exercise vigilance consistent with accepted patterns of behavior in the home. *Paulson v. Jarmulowicz*, 268 Minn. 280, 283, 128 N.W.2d 763, 765 (Minn.1964). The legal duty to supervise arises under particular circumstances, that pose foreseeable hazards to a child's safety. *See Id.* (affirming trial court's determination that defendant grandmother's negligence was jury

questions where circumstances "created an unusual hazard, readily avoidable and of serious consequence"). The reasonable care required is that degree of care that adult persons of ordinary prudence usually exercise in the same or similar circumstances. *Id.* 128 N.W.2d at 764. We therefore reject respondents' nebulous theory of liability that creates a general duty to supervise disconnected from specific foreseeable hazards. In this case, the motorcycle used by insureds was the readily avoidable hazard. Respondents' duty of supervisory care was the level of care commensurate with the particular hazard, that is, the motorcycle, that caused the injury. Thus, we hold that the motorized vehicle exclusion precludes coverage because respondents' claim of negligent supervision is not divisible from the ownership and use of the motorcycle itself. *See Seefeld*, 481 N.W.2d at 65 (liability for negligence in design and construction of trailer must arise out of operation of motor vehicle because only exposure to design risk was through use of motor vehicle); *see also Citizens Sec. Mut. Ins. Co. v. Levinson*, 445 N.W.2d 585, 587 (Minn.App. 1989) (failure to supervise a child alighting from motor vehicle not divisible from use of the vehicle itself); *Fillmore v. Iowa Nat'l Mut. Ins. Co.*, 344 N.W.2d 875, 881 (Minn. App.1984) (negligent entrustment of motor vehicle to insureds' son and failure to supervise son's conduct in driving entrusted car are part of tort of negligent use and operation of motor vehicle).

## DECISION

The trial court erred in determining that the injuries sustained by Rodney Klande were covered under the insureds' homeowner insurance policy.

**Reversed.**