Irene FILLMORE and Richard Fillmore, City of St. Paul, a municipal corporation, Joan C. O'Brien, Special Representative of the Estate of John J. O'Brien, deceased, and Shelly Ann Woller, Appellants

v.

IOWA NATIONAL MUTUAL INS. CO., Respondent.

No. C3–83–1612.

Court of Appeals of Minnesota.

Feb. 15, 1984.

Thomas Germschied, St. Paul for Richard and Irene Fillmore.

Edward P. Starr, City Atty., and Jane Hogan, Asst. City Atty., City of St. Paul, St. Paul, for City of St. Paul.

Mark H. Gruesner, Minneapolis, for Joan O'Brien.

Sharon W. Rushton, Roseville, for Shelly Ann Woller.

Richard P. Mahoney, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a declaratory judgment determining that the homeowner's policy issued by Iowa Mutual to the defendants Donald Lunzer and Nancy Lunzer did not provide coverage for claims made against Lunzers by the appellants alleging that Lunzers negligently entrusted an automobile owned by them to their son, Thomas D. Lunzer, and negligently failed to supervise and control his conduct in the operation thereof relative to an accident that occurred on April 16, 1981, causing damages sustained by the various appellants.

**We affirm.**

### FACTS

Thomas Lunzer had drug and alcohol abuse problems. His parents, Donald and Nancy Lunzer, knew of his problems and that he, at times, drove while intoxicated. Nonetheless, they allowed him to use their car.

On April 16, 1981, Thomas took two of his friends for a ride in his parents' car. The ride ended tragically in an accident with a St. Paul police squad car. Thomas Lunzer, one of his passengers, Laura Lane, and one of the police officers, John J. O'Brien, were killed. Thomas' other passenger, Shelly Woller, and the other officer, Richard Fillmore, were seriously injured.

Several lawsuits were commenced and consolidated for trial in Ramsey County District Court. The plaintiffs John and Diane Fillmore, plaintiff Joan C. O'Brien, as trustee of the heirs of John J. O'Brien, and plaintiff City of St. Paul were granted leave to amend their respective complaints to add a cause of action against Donald and Nancy Lunzer.

The causes of action are substantially the same in each action. The plaintiffs claim that the Lunzers caused the accident by negligently entrusting their automobile to their son. One source of recovery sought by the appellants is the Lunzers' homeowner's insurance.

At the time of the accident, Iowa Mutual insured the Lunzers under a homeowner's policy. The policy contained a motor vehicle exclusion. The exclusion was worded as follows:

SECTION II—EXCLUSIONS

1. COVERAGE E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

 * * * * * *

e. *arising out of* the ownership, maintenance, use, loading or unloading of:

 * * * * * *

(2) a motor vehicle owned or operated by, or rented or loaned to any insured;

Iowa Mutual commenced a declaratory judgment action alleging that, based upon the above exclusion, it had no duty to either defend or indemnify the Lunzers against the claims of negligent entrustment and negligent control and supervision of their son, Thomas Lunzer. Iowa Mutual admitted, for the purposes of the declaratory action, that the allegations against the Lunzers with respect to negligent control and entrustment were true. Therefore, there were no genuine issues of material fact as to the claim, and the trial court was left with the question of law as to whether or not Iowa Mutual had a duty to defend and indemnify the Lunzers under the terms of the homeowner's policy.

The trial court granted Iowa Mutual's motion for summary judgment. The court found that the homeowner's policy did not provide coverage and therefore, Iowa Mutual had no obligation to defend or indemnify the Lunzers.[1]

## ISSUE

Under terms of the homeowner's policy, is Iowa National obligated to defend and indemnify their insureds, Nancy and Donald Lunzer, for injuries sustained that were alleged to be caused by the Lunzers' negligent control, supervision of, and entrustment of an automobile to their minor son, Thomas Lunzer?

## ANALYSIS

■ Insurance policies are similar to other contracts; they are matters of agreement by the parties and the function of a court is to determine what the agreement was and enforce it. If the terms of the policy are plain and unambiguous, their plain meaning should be given effect. *Gabrelcik v. National Indem. Co.*, 269 Minn. 445, 447; 131 N.W.2d 534, 536 (1964). When a policy contains an ambiguity, it is to be construed in favor of the insured and against the insurer. *Farmers and Merchants State Bank v. St. Paul Fire and Marine Ins. Co.*, 309 Minn. 14, 242 N.W.2d 840 (1976). Here, the question is whether

1. The parties' briefs were not conducive to thoughtful review. They lacked organization, consisting wholly of a myriad of individual trial court memoranda, single-spaced "letter-briefs" with different captions by various attorneys, etc. Minn.Rules of Civil Appellate Procedure § 132.-01(5) (new) provides:

 Subd. 5. *Reliance upon trial court memoranda*

If counsel elects, in the Statement of the Case, to rely upon memoranda submitted to the trial court supplemented by a short letter argument, the submission shall be bound and shall, in all other respects, comply with this rule.

negligent entrustment of an automobile arises out of ownership of a vehicle.

■ Some jurisdictions have found that coverage exists under a homeowner's policy for the negligent entrustment of a motor vehicle. According to the reasoning used in those cases, the act of negligently entrusting a motor vehicle is distinct from the ownership, maintenance, operation or use of the motor vehicle and therefore the policy exclusion does not apply. *Douglass v. Hartford Ins. Co.*, 602 F.2d 934 (10th Cir.1979); *Upland Mut. Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974); *McDonald v. Home Ins. Co.*, 97 N.J.Super. 501, 235 A.2d 480 (1967).

A number of recent decisions, however, have reached the opposite conclusion. They have done so after concluding that negligent entrustment of a motor vehicle, as a cause of action, is derived from the more general concepts of ownership, use or operation of a motor vehicle. According to the reasoning in these decisions, although the act of negligently entrusting a motor vehicle is an essential element of the tort, liability giving rise to the tort is not actually triggered until the motor vehicle is used in a negligent manner, resulting in injury. They reason that since the accident occurred off the homeowner's premises and resulted from the use or operation of a motor vehicle, the clear language of the exclusionary clause disavows coverage. *Cooter v. State Farm Fire & Cas. Co.*, 344 So.2d 496 (Ala.1977); *State Farm Fire & Cas. Co. v. McGlawn*, 84 Ill.App.3d 107, 39 Ill.Dec. 531, 404 N.E.2d 1122 (1980); *Barnstable County Mut. Fire Ins. Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (1978); *Great Cent. Ins. v. Roemmich*, 291 N.W.2d 772 (S.D.1980).

It is this latter position which the trial court, in essence, adopted. We agree. Generally, a homeowner's liability policy does not include use of an automobile:

Liability insurance is generally written for a specific hazard in order to enable the underwriter to calculate premiums on some equitable as well as predictable basis. As a result, the hazard to be cover-ed under each policy is carefully defined and other hazards are excluded ... and unless the automobile hazard is included in the general liability policy, *use of automobiles is excluded,* or only covered within a narrow limit such as on premises.

Appleman, Insurance Law & Practice § 4500.04 (1979). This is consistent with the public policy of having separate policies for automobile and homeowner's liability. If the coverages overlap, coverage costs more without a proportionate improvement in coverage. *Torbert v. Anderson*, 301 Minn. 339, 222 N.W.2d 341 (1974); *Bankert v. Threshermen's Mut. Ins. Co.*, 105 Wis.2d 438, 445, 313 N.W.2d 854, 858 (App.1981).

The Minnesota Supreme Court previously has allowed recovery under a homeowner's policy for negligent entrustment of a vehicle to a child. In *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973), defendant John Buehl, minor son of Leonard and Betty Buehl, struck and injured a pedestrian with his motorcycle. The injured pedestrian instituted a personal injury action against both the parents and the son, alleging that the parents knew of their son's dangerous driving habits and of the necessity to control him, and that they were negligent in permitting their son to operate the motorcycle.

The homeowner's insurer declined to defend the action on the grounds that under the following motor vehicle exclusion contained in the policy, coverage did not extend to accidents of this type. The policy provided: "This policy does not apply: ... to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles ...."

The Minnesota Supreme Court held that under the above language, a separate claim of negligent entrustment against the parents did not arise out of any of those excluded acts, i.e., ownership, maintenance, operation, use, loading or unloading, and therefore the homeowner's insurer had a contractual obligation to defend the Buehls.

Since *Buehl,* insurers have broadened the language of the exclusion. The Minnesota Supreme Court recognized this difference in *Faber v. Roelefs,* 311 Minn. 428, 250 N.W.2d 817 (1977). *Faber* involved a student who was injured by a school bus. The jury found the school 25 percent negligent, the school district 20 percent negligent for its actions in establishing bus routes and 20 percent negligent for its bus loading and unloading procedures, and the plaintiff 35 percent negligent. The school district had a general liability policy with Tri-State Mutual Insurance Company that contained an exclusion for "bodily injury arising *out of the use*" of the bus. The school district was an additional insured under the bus owner's automobile liability policy with Mutual Service Casualty Insurance Company, which covered "bodily injury arising out of the use" of the bus.

The issue in *Faber* was whether there was coverage under the general liability policy issued by Tri-State to the school district, where there was an allegation that the school district "negligently and carelessly failed to supervise the children and students at said schools," and as a result of which one of the school children was run over by a school bus and severely injured. Tri-State had taken over the defense of the lawsuit. It claimed it was obligated to do so by virtue of the decision in *Buehl,* since complaint of negligent supervision fell within the policy coverage. In rejecting Tri-State's argument, the Supreme Court said:

> The difficulty with this argument is that the Tri-State policy excludes bodily injury *arising out of the * * * use of the bus. Kim's injuries arose out of the use of the bus.* If that is sufficient to negate coverage under the Tri-State policy, then there is no claim in paragraph IV which is within coverage. It matters not that the italicized clause is a claim of general negligence; *the injuries arose out of the use of the bus* and the exclusion would apply. There not being any claim within coverage, the argument falls.
>
> While Tri-State refers to *Buehl* as presenting a situation similar to the one

at bar, the exclusion clause in *Buehl* was different. In that case, the policy did not apply 'to the * * * use * * * of (1) automobiles.' 295 Minn. 329, note 1, 204 N.W.2d 427. The complaint alleged defendants were (1) vicariously liable for the negligent use of a motorcycle on the part of their son, and (2) negligent in failing to control their son, knowing of his dangerous propensities. The latter claim was held to be within the policy coverage, as it alleged common-law negligence in parental supervision, not negligence in the use of an automobile. In the case at bar, however, the exclusion does not apply merely to the *use* of an automobile, but to bodily injuries *arising out of the use of an automobile* and is thus distinguishable.

*Id.* 250 N.W.2d at 821–22 (emphasis added).

The claims by the injured parties can be called either negligent entrustment or negligent supervision, and is therefore the same as the claim made in *Faber.* Therefore, since the injuries to the appellants in this case arise out of the use of the Lunzer automobile, those claims are excluded by virtue of the language of the exclusion.

The South Dakota Supreme Court recognized that the Minnesota Supreme Court in *Faber* had distinguished the *Buehl* decision. In *Great Cent. Ins. Co. v. Roemmich,* 291 N.W.2d 772 (S.D.1980), which is a case identical on the facts to this case, the South Dakota Supreme Court held that a claim of negligent entrustment arises out of the use of a motor vehicle and is excluded by an exclusion in the homeowner's policy similar to the exclusion in this case.

The Minnesota Supreme Court further explained the significance of the *Faber* decision in *St. Paul School Dist. v. Columbia Transit Corp.,* 321 N.W.2d 41 (Minn.1982). The fact situation was nearly identical to *Faber. Id.* 321 N.W.2d at 46. According to the Supreme Court,

> *Faber* provides that negligent supervision, negligence in establishing loading and unloading procedures are all within the ambit of the language 'arising out of

the use' of a motor vehicle, whether that language is inclusive or exclusive of coverage.

*Id.* *Faber* and *Columbia Transit Corp.* clearly show that where the policy provides that it excludes coverage for injuries arising *out of the use* of a motor vehicle, claims of negligent supervision and negligent entrustment are excluded from coverage thereunder.

Nonetheless, appellants claim that *Waseca Mut. Ins. Co. v. Noska*, 331 N.W.2d 917 (Minn.1983) establishes Iowa Mutual's liability. In *Waseca Mutual*, liability was found on both the homeowner's insurer and the automobile liability insurer under unusual circumstances applicable thereto. The trial court found that Noska was negligent in placing live embers in barrels from which a fire was subsequently started. That act of negligence did not arise out of the use of a motor vehicle. The Supreme Court further found that, by driving his truck at 35 m.p.h. while towing the uncovered barrels containing the live embers, Noska further contributed to the extensive fires that occurred. The court observed:

> This case involves an extraordinary fact pattern: two separate and independent acts concurred to cause the accident, and each act was necessary to cause the damage.

*Id.* at 920.

The *Waseca Mutual* decision cites and appellants rely heavily on a California case, *State Farm Auto. Mut. Ins. Co. v. Partridge*, 10 Cal.3d 94, 514 P.2d 123, 109 Cal.Rptr. 811 (1973). Within this context, we address the issue in inverse order. In *Partridge*, the insured modified his gun to give it a "hair trigger." While hunting rabbits from his car, he hit a bump. The gun fired, causing injury. Recovery under the insured's homeowners was allowed in spite of an automobile exclusion. The accident happened because the gun was modified. It could have happened even if the insured was walking. That is a far different situation than we have here. There is no question here but that the injuries to the appellants arose out of the use of the auto-

mobile. The alleged negligence of the Lunzers in knowing or failing to know of the dangerous propensities of their son, did not cause any damage until they entrusted the automobile to him.

In *Waseca Mutual*, the Minnesota Supreme Court construed a homeowner's policy with the same exclusion involved in this case. The court concluded that "the act of placing live embers in an uncovered barrel with other debris was a cause of the fire and was non automobile-related." *Waseca Mutual*, 331 N.W.2d 923. Because one of two separate but concurrent causes of the fire was non automobile-related, the automobile exclusion did not apply. Recovery under the homeowner's policy was allowed.

The Wisconsin Supreme Court, in a negligent entrustment case similar to the present case, denied coverage because:

> the negligence of the entruster is a separate act of negligence. It is apparent, however, that such negligent entrustment is irrelevant unless the person to whom a thing is entrusted acts in a negligent manner (creates an unreasonable risk) and in fact inflicts injury .... Negligent entrustment is part of the tort of negligent use and operation of the entrusted automobile.

*Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis.2d 469, 476, 329 N.W.2d 150, 153 (1983).

In this case, the entrustment, combined with the manner in which he used the automobile, caused the injuries to the claimants. Therefore, there are not two separate and independent acts that concurred to cause the damages as in the *Waseca Mutual* case; rather, there is negligence combined with the use of the automobile which caused the accident, the injuries, and the damages claimed.

*Waseca Mutual* is distinguishable from this case because *Waseca* involved two independent acts, one of which was vehicle-related and one of which was non vehicle-related. Therefore, coverage was found under both the auto policy and the homeowner's policy. In this case, however, there is no independent non auto-related

act. Therefore, the decision in *Waseca Mutual* is not controlling.

## DECISION

 Negligent entrustment and supervision are part of the tort of negligent use and operation of an automobile. They are not independent non vehicle-related acts. Injuries arising from negligent entrustment and supervision, therefore, arise out of the use of an automobile. Since the insureds' homeowner's policy excluded injuries arising out of the use of an automobile, the insurance company has no duty to defend or indemnify the insured.

**We affirm.**