**ALLSTATE INSURANCE COMPANY**

v.

**Teresa J. STEELE et al.**

**No. 4–94–CV–511.**

United States District Court,
D. Minnesota,
Fourth Division.

March 10, 1995.

**190**

Kenneth Wilson Dodge, Thomas Harold Crouch, Christopher J. Schulte, Meagher & Geer, Minneapolis, MN, for plaintiff Allstate Ins. Co.

Joseph J. Dudley, Jr., Michael R. Bradley, Dudley & Smith, St. Paul, MN, for defendant Teresa J. Steele.

John Garrett Westrick, Marcia McDowall–Nix, Walsh & Westrick, St. Paul, MN for defendant Lynn M. Steele, Custodial Parent and Natural Guardian of B.S., a minor.

### ORDER

ROSENBAUM, District Judge.

This case arises out of wrongful sexual contacts between children. The issue before the Court is whether the injuries claimed by the minor child and her mother are covered by insurance.

This matter is before the Court on multiple motions. Plaintiff, Allstate Insurance Company ("Allstate"), seeks summary declaratory judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202. Defendant Lynn M. Steele opposes the motion for summary judgment and brings her own motion to certify insurance coverage questions to the Minnesota Supreme Court, pursuant to Minn.Stat. § 480.061, subd. 1 (1994). The Court heard oral argument on February 3, 1995, at which time defendant Teresa J. Steele was granted leave to file her Answer to the Complaint out of time.

Based on the files, records, and proceedings herein, and for the reasons stated below, Allstate's motion for summary judgment is granted, and Lynn Steele's motion for certification is denied.

### I. *Background*

Allstate Insurance Company is an Illinois corporation with its principal place of business in that state. Allstate is licensed and qualified as an insurer in Minnesota. Defendants Teresa J. Steele and James O'Hara are mother and minor son. Scott Steele is married to Teresa Steele and is the stepfather of James O'Hara. Scott Steele, Teresa Steele, and James O'Hara reside in Mahtomedi, Minnesota.

Defendants Lynn M. Steele and B.S., a minor female, are mother and daughter and reside together in St. Paul, Minnesota. Lynn Steele is the custodial parent and natural guardian of B.S. Scott Steele was formerly married to Lynn Steele, who kept her married name after the dissolution of their marriage. Scott Steele is the father of B.S.

On November 4, 1993, B.S., then twelve years old, visited her father, Scott Steele, at his home in Mahtomedi, Minnesota. During this visit B.S. was raped by her stepbrother, James O'Hara, then sixteen years old. Lynn Steele and B.S. seek damages from James O'Hara as a result of his criminal sexual conduct and from Scott and Teresa Steele for negligent supervision of James O'Hara.

Allstate filed its Complaint in this Court in June, 1994. Allstate asks this Court to declare that the homeowners insurance policies issued to Scott and Teresa Steele do not afford liability coverage for any injury resulting from James O'Hara's sexual misconduct, and Allstate has no duty to defend or indemnify the insureds for such claims. Jurisdiction is based on diversity, pursuant to 28 U.S.C. § 1332.

### II. *Procedural History*

This matter initially came before the Court on Allstate's motion for default judgment because no pleadings had been filed by the defendants. Allstate's motion was set for hearing on October 21, 1994. Prior to the

hearing, the Court contacted Lynn Steele to inquire whether she would appear. Lynn Steele appeared at the default hearing *pro se*. The Court recognized that the entry of default judgment should be a "rare judicial act." *Comiskey v. JFTJ Corporation*, 989 F.2d 1007, 1009 (8th Cir.1993). Based on this appearance, and the policy disfavoring default, the Court declined to enter default judgment and, *sua sponte*, granted Lynn Steele leave to obtain counsel and file an answer.

Thereafter, on November 30, 1994, Lynn Steele, on behalf of B.S. and her other daughter, K.S., commenced her own action in state court, venued in Washington County District Court. In her state court complaint, Lynn Steele alleged that the November 4, 1993, rape was the culmination of three years of escalating non-consensual sexual conduct between James O'Hara and both B.S. and K.S. Lynn Steele claims that Scott and Teresa Steele knew of the prior sexual contact, but nonetheless, failed to supervise James O'Hara.

Lynn Steele's state case asserts claims for injuries arising prior to the effective date of Allstate's policy. The parties agree that Allstate issued homeowners policies to Scott and Teresa Steele on an annual basis between October, 1987, and October, 1993. Allstate and Teresa Steele have stipulated that Allstate may file its Amended Complaint seeking a declaratory judgment that none of the homeowners policies afford coverage and that Allstate has no duty to defend or indemnify its insureds for claims by Lynn Steele, B.S., or K.S. *See* Amended Complaint, ¶¶ 15–18. Based on the parties' stipulation, the Court approved Allstate's Amended Complaint by Order, dated January 25, 1995. A review of the policy language convinces the Court that there is no need to analyze each policy separately. The operative language is substantially identical.

Allstate issued a deluxe homeowners insurance policy to Scott and Teresa Steele effective October 30, 1993, through October 30, 1994. This policy was in effect at the time of the rape. There is no dispute that James O'Hara is an "insured person" under the Allstate policy because he lives with Scott and Teresa Steele and is a "resident relative" under its definitions. *See* Allstate's Complaint, Exhibit A, p. 3.

### III. *Motion For Summary Judgment*

Allstate argues that its policies provide coverage for accidents only. First, Allstate argues that James O'Hara's criminal sexual contact was intentional and is not an "accident" under the policy terms. Second, Allstate argues that the policies' terms bar coverage for an insured's intentional act. Third, Allstate argues that criminal acts by an insured bar coverage under its policies. Finally, Allstate argues that any claims against Teresa and Scott Steele, James O'Hara's mother and stepfather, are barred. Allstate claims the actions of James O'Hara, as an insured, bar coverage for other insureds under the policy. Teresa and Scott Steele oppose Allstate's motion.

Lynn Steele opposes Allstate's motion and argues that this Court should abstain from ruling, and instead, certify the insurance coverage questions to the Minnesota Supreme Court, pursuant to Minn.Stat. § 480.061, subd. 1.

### IV. *Analysis*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. *Id.* at 248–49, 106 S.Ct. at 2510–11; *Hartnagel v. Norman*, 953 F.2d 394, 395–96 (8th Cir.1992). If the opposing party fails to carry that burden or establish the existence of an essential element of its case, then summary judgment should be granted. *Celotex*, at 322, 106 S.Ct. at 2552; *Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268 (8th Cir. 1988).

As jurisdiction in the matter is based on diversity, the Court applies Minnesota's substantive law. *McDonald v. Johnson & Johnson,* 776 F.2d 767, 769 (8th Cir.1985). Interpretation of an insurance contract is a question of law. *Garrick v. Northland Insur. Co.,* 469 N.W.2d 709, 711 (Minn.1991). It is axiomatic that analysis of insurance coverage begins with the words of the policy. *Bobich v. Oja,* 104 N.W.2d 19, 24 (Minn.1960). In Minnesota, a court must apply the unambiguous terms of an insurance contract according to their plain and ordinary meaning. *Bob Useldinger & Sons, Inc. v. Hangsleben,* 505 N.W.2d 323, 328 (Minn.1993).

■ The Allstate insurance policy in effect at the time of the rape provided that:

> Subject to the terms, limitations and conditions of this policy, Allstate will pay for damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an accident[.]

*See* Allstate's Complaint, Exhibit A, p. 23.[1]

An "accident" is an unexpected happening without intention or design. *Weis v. State Farm Mutual Auto. Insur. Co.,* 64 N.W.2d 366, 368 (Minn.1954); *Hauenstein v. St. Paul–Mercury Indem. Co.,* 65 N.W.2d 122, 126 (Minn.1954). Minnesota's courts have consistently held that the word "accident" must be given its common, ordinary meaning. *Bobich,* 104 N.W.2d at 24.

If no ambiguity exists, a Court is bound to attribute the usual and accepted meaning of a term. *Hammer v. Investors Life Insur. Co.,* 511 N.W.2d 6, 9 (Minn.1994). The Minnesota Supreme Court has cautioned that where there are sympathetic facts to favor coverage, a Court should guard against the invitation to create ambiguities in insurance policies where none exist. *Id.; Columbia Heights Motors, Inc. v. Allstate Insur. Co.,* 275 N.W.2d 32, 36 (Minn.1979).

With these admonitions clearly in mind, the Court determines that James O'Hara's intentional and criminal sexual contact with his stepsister is not an "accident" within the terms of Allstate's policy. This was a knowing and wrongful act; it is not an act which lacked intuition or design. This was no accident and the Court will not torture the policy language to so find.

■ Beyond the plain fact that this rape was no accident, the policies' intentional injury exclusion bars coverage. The policy provides that:

> We do not cover bodily injury or property damage resulting from:
>
> (a) An act or omission intended or expected to cause bodily injury or property damage. This exclusion applies, even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected; or
>
> (b) An act or omission committed by an insured person while insane or while lacking the mental capacity to control his or her conduct or while unable to form any intent to cause bodily injury or property damage. This exclusion applies only if a reasonable person would expect some property injury or property damage to result from the act or omission.

*See* Allstate's Complaint, Exhibit A, pp. 23–24.[2]

The Minnesota Supreme Court has recognized that "[t]he purpose of an 'intentional acts' exclusion is to prevent extending to the insured a license to commit wanton and malicious acts." *Farmers Insur. Exchange v. Sipple,* 255 N.W.2d 373, 375 (Minn.1977). For such an exclusion to apply, an insured must have specifically intended to cause injury. *Fireman's Fund Insur. Co. v. Hill,* 314 N.W.2d 834, 835 (Minn.1982). In Minnesota, an insurer bears the burden of proving that an exclusion applies. *Useldinger,* 505 N.W.2d at 327.

Here, James O'Hara's intent to cause injury is inferred as a matter of law. The

---

1. Allstate's policies define the term "accident" identically for each policy issued to the parties between 1989 and 1993. *See* Plaintiff's Amended Complaint, pp. 5–6, ¶¶ 15–16; Affidavit of Linda B. Sisson, pp. 3–4, ¶ 12.

2. Allstate's policies had an identical intentional act exclusion term for the period 1989 through 1993. *See* Plaintiff's Amended Complaint, pp. 5–6, ¶¶ 15 and 16.

Minnesota Supreme Court has inferred intent to injure when an insured engages in consensual intercourse with an adult. *State Farm Fire and Casualty Co. v. Williams*, 355 N.W.2d 421, 424 (Minn.1984). The rule was revisited in *Allstate Insur. Co. v. S.F.*, 518 N.W.2d 37, 40–41 (Minn.1994). In *S.F.*, the Court held that a sexual assault committed by an insured precluded coverage under a homeowners policy and that an insurer has no duty to defend or indemnify its insured for claims resulting from the sexual assault. *Id.* at 40.

The same inference applies when the victim is a minor. *Horace Mann Insur. Co. v. Independent School District No. 656*, 355 N.W.2d 413, 416 (Minn.1984); *Hill*, 314 N.W.2d at 835; *Estate of Lehmann by Lehmann v. Metzger*, 355 N.W.2d 425, 426 (Minn.1984); *Illinois Farmers Insur. Co. v. Judith G.*, 379 N.W.2d 638, 640–41 (Minn.Ct.App.1986).

The Court finds, as a matter of law, that James O'Hara's wrongful sexual assault infers intent to injure B.S. The criminal sexual assault obviates questions of the perpetrator's subjective intent. *See Illinois Farmers Insur.*, 379 N.W.2d at 642. The Court finds that the intentional act exclusion is an insuperable bar to coverage, and Allstate has no duty to defend James O'Hara.

■ The Court further finds that the claims against Scott and Teresa Steele are barred under each policy's "joint obligations" provision. This provision precludes coverage for all policy insureds when one insured commits an act barring coverage. The policy provides that:

> The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

*See* Allstate's Complaint, Exhibit A, p. 4.[3]

By the policy terms, the intentional and criminal acts of James O'Hara bind Scott and Teresa Steele, the other two insureds. The "joint obligations" clause bars coverage and relieves Allstate of any duty to defend or indemnify. Allstate's motion for summary judgment is granted.

## V. *Certification*

■ The Court's rulings, above, necessarily preclude Lynn Steele's motion to certify questions to the Minnesota Supreme Court, pursuant to Minn.Stat. § 480.061, subd. 1. Certification rests in the sound discretion of a federal court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). Here, the Court finds that there is ample precedent and no unsettled questions of Minnesota law.

Four times, most recently in June, 1994, the Minnesota Supreme Court has held that insurance coverage is barred when an insured perpetrates a sexual assault. *See Allstate*, 518 N.W.2d at 40; *Williams*, 355 N.W.2d at 424; *Horace Mann*, 355 N.W.2d at 416; *Metzger*, 355 N.W.2d at 426. While these decisions did not construe a joint obligations provision, its presence provides no basis to distinguish clear Minnesota precedent. Lynn Steele's motion for certification is denied.

## VI. *Conclusion*

The Court has determined that Allstate's homeowners policies issued to Scott and Teresa Steele exclude liability coverage for James O'Hara's sexual misconduct, and Allstate has no duty to defend or indemnify its insureds for any injuries or claims, including those alleged in *Lynn Steele on behalf of B.S. and K.S., minors v. J.E.O., Teresa J. Steele, Scott Steele, and James Timothy O'Hara*, venued in Washington County District Court, Tenth Judicial District, State of Minnesota.

Accordingly, IT IS ORDERED that:

1. Allstate's motion for declaratory summary judgment, in its favor and against its policy insureds, is granted.

---

**3.** Each homeowners' policy contains an identical joint obligations provision. *See* Affidavit of Linda B. Sisson, Exhibit B, p. 4.

2. Lynn Steele's motion for certification is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.