ALLSTATE INSURANCE COMPANY, Appellee,

v.

Teresa J. STEELE and James O'Hara, Defendants,

and

Lynn M. STEELE, Custodial Parent and Natural Guardian of B.S., a Minor, Appellant.

No. 95–1892.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1995.

Decided Jan. 26, 1996.

John Garrett Westrick, St. Paul, Minnesota, for appellant.

Thomas H. Crouch, Minneapolis, Minnesota. Appearing on the brief was Christopher J. Schulte, for appellee.

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Lynn Steele appeals the district court's[1] order granting summary judgment to Allstate Insurance Company and denying her motion to certify certain state-law issues to the Minnesota Supreme Court. We affirm.

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

## I.

This case arises out of wrongful sexual contact between children. In 1993, B.S. (then twelve years old) was raped by her sixteen-year-old stepbrother, James O'Hara, while she was visiting her father and stepmother (Scott and Teresa Steele). Following the rape, B.S.'s mother, Lynn Steele, sued O'Hara, Scott and Teresa Steele, and James Timothy O'Hara (the minor O'Hara's father) in Minnesota state court. Lynn Steele alleged that the rape was the culmination of several years of escalating sexual advances by the younger O'Hara toward her daughters B.S. and K.S. She sought damages for both of her daughters against the younger O'Hara for assault, battery, and intentional infliction of emotional harm, and against the adult defendants for negligent supervision, negligent failure to protect B.S. and K.S., and negligent infliction of emotional harm.

Allstate Insurance Company then sought a declaratory judgment in federal district court to the effect that none of the seven Deluxe Homeowners Policies it issued to Scott and Teresa Steele between 1987 and 1994 covered damages resulting from the younger O'Hara's sexual misconduct. In response, Lynn Steele moved in the district court for a stay of the proceedings and for certification of certain insurance coverage questions to the Minnesota Supreme Court. The district court denied the motion for stay and certification and granted summary judgment to Allstate. *See Allstate Ins. Co. v. Steele,* 885 F.Supp. 189, 193–94 (D.Minn.1995). The district court held that the policies covered only accidents, not intentional sexual misconduct, and that the negligence claims against Scott and Teresa Steele were barred by the policies' "joint obligations" clause. *Id.* at 192–93. Lynn Steele now appeals.

## II.

Lynn Steele contends that the district court granted summary judgment prematurely. She argues that, given time to conduct discovery, she might uncover material facts that would preclude summary judgment. We disagree. This case presents only questions of law, and the district court correctly determined that the homeowners poli-cies do not cover Lynn Steele's claims against James O'Hara and Scott and Teresa Steele. For reasons that appear hereafter, no amount of discovery can change that fact.

## A.

▄▄▄ The homeowners policy in effect at the time O'Hara raped B.S. (the district court found that all of the policies contain substantially identical language) specifically states that Allstate only covers "damages which an insured person becomes legally obligated to pay because of bodily injury … arising from an *accident*" (emphasis added). It has long been established under Minnesota law that the word "accident" in insurance policies must be given its common, ordinary meaning, *see, e.g., Bobich v. Oja,* 258 Minn. 287, 104 N.W.2d 19, 24 (1960), that is, "an unexpected happening without intention or design," *Weis v. State Farm Mutual Auto Ins. Co.,* 242 Minn. 141, 64 N.W.2d 366, 368 (1954). Because we agree with the district court that "James O'Hara's intentional and criminal sexual contact with his stepsister … was no accident," we refuse, as did the district court, to "torture the policy language to so find." *Allstate Ins. Co. v. Steele,* 885 F.Supp. at 192.

▄▄▄ The homeowners policy also excludes coverage for injuries "resulting from" acts that are "intended or expected to cause bodily injury." Minnesota courts "infer an intent to cause bodily injury as a matter of law" whenever an insured party sexually assaults another person, *State Farm Fire & Cas. Co. v. Williams,* 355 N.W.2d 421, 424 (Minn.1984), even if the perpetrator is a minor. *See, e.g., Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638, 641–42 (Minn.Ct. App.1986). Therefore, because James O'Hara intended, as a matter of law, to harm B.S. and K.S., the policy does not cover any of Lynn Steele's claims against him.

## B.

Lynn Steele argues that even if the policy does not cover claims against James O'Hara, she is entitled to recover against Scott and Teresa Steele for negligently supervising the younger O'Hara. The district court found,

however, that these negligence claims were barred by the policy's joint obligations provision, which states:

> The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

We admit to finding this provision more than a little mysterious, but we note that most courts that have interpreted it have found that an insured's intentional acts bar claims against other insureds for negligent supervision. *See, e.g., Allstate Ins. Co. v. Pond Bar,* 1995 WL 568399, *10–*11 (D.Minn. May 19, 1995) (interpreting Minnesota law); *Castro v. Allstate Ins. Co.,* 855 F.Supp. 1152, 1154–55 (S.D.Cal.1994); *Allstate Ins. Co. v. Lobracco,* 1992 WL 356270, *3–*4 (Ohio Ct.App. Nov. 24, 1992); *Allstate Ins. Co. v. McCranie,* 716 F.Supp. 1440, 1447–49 (S.D.Fla.1989), *aff'd,* 904 F.2d 713 (11th Cir.1990). The Minnesota Supreme Court has not yet had an occasion to provide us with any guidance on this question.

■ Even if the joint obligations clause did not bar Lynn Steele's claims, however, other policy language precludes recovery for negligent supervision. As we have already noted, the policy does not cover damages "resulting from" intentional misconduct. In *Fillmore v. Iowa Nat'l Mutual Ins. Co.,* 344 N.W.2d 875, 877–81 (Minn.Ct.App.1984), the court considered whether a policy that did not cover damages "arising out of" the use of a motor vehicle precluded recovery for parents' negligent supervision. The claimants had sued the policyholders for negligent supervision after the policyholders' intoxicated son injured them in an automobile accident. *Id.* at 876–77. The court held that even if the parents were negligent, the claimants would not have been injured *but for* the fact that the son was driving. *Id.* at 880–81. The court concluded that the policy did not cover the negligence claims since the injuries "arose out of" excluded conduct. *Id.* at 879–80; *see also Faber v. Roelofs,* 250 N.W.2d 817, 822–23 (Minn.1977). Similarly, in the instant case, even if we assume that the Steeles failed to supervise James O'Hara adequately, B.S. and K.S. would not have been injured *but for* the younger O'Hara's intentional misconduct. Therefore the harm "resulted from" an intentional act, and Lynn Steele cannot circumvent the policy's intentional conduct exclusion by suing the Steeles for negligent supervision. *See generally George J. Couch,* 10 *Couch on Insurance* 2d § 41:33 at 52 (rev. ed. 1982) ("if either of two causes could have caused the [injury], and one is accidental and the other not, recovery is precluded").

### C.

■ Lynn Steele also contends that Allstate should cover her claims because Minnesota has adopted the "reasonable expectations" doctrine. This argument is without merit. That doctrine, first endorsed in *Atwater Creamery Co. v. Western Nat'l Mutual Ins. Co.,* 366 N.W.2d 271, 276–79 (Minn. 1985), applies only on the few "egregious" occasions when an exclusion is disguised in a policy's definitions section. *Board of Regents v. Royal Ins. Co. of America,* 517 N.W.2d 888, 891 (Minn.1994). Indeed, the Minnesota Supreme Court recently admonished that the doctrine should not be used to rewrite a policy to "conform to a result that the [claimant] might prefer." *Id.* We believe that Lynn Steele is asking us to do just that. This is not a situation in which Allstate disguised the relevant exclusions in the fine print of policy definitions. The language barring recovery is there, clear as day, in the text of the policy. In fact, we believe that when Lynn Steele read the policy, the only reasonable expectation that she could have had was that the policy would not cover her daughters' injuries.

### III.

■ Finally, Lynn Steele argues that the district court erroneously refused to certify to the Minnesota Supreme Court the issue of whether the joint obligations provision bars recovery against Scott and Teresa Steele. We disagree. The question of certification is committed to the sound discretion of the district court, *see, e.g., Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741,

**882**

1744, 40 L.Ed.2d 215 (1974), and we do not believe that the district court abused that discretion here. Although the Minnesota Supreme Court has not interpreted the joint obligations clause, a determination of its meaning, as we noted above, was unnecessary to a decision in this case.

### IV.

For the foregoing reasons, we affirm the district court's order granting summary judgment to Allstate Insurance Company.