METROPOLITAN PROPERTY AND CA-SUALTY INSURANCE COMPANY AND AFFILIATES, petitioner, Appellant,

v.

Michael Charles MILLER, et al., Defendants,

B.M.F., et al., Respondents.

No. C6–97–2070.

Supreme Court of Minnesota.

Feb. 25, 1999.

298

William H. Hart, Richard L. Pemberton, Jr., R. Gregory Stephens, Meagher & Geer, P.L.L.P., Minneapolis, for appellant.

Robert E. Kuderer, Teresa M. Croke, Johnson & Condon, P.A., Minneapolis, Patricia E. Kuderer, Douglas Schiltz, Hoff, Barry & Kuderer, P.A., Eden Prairie, for respondent.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, for defendant Michael Miller.

Graham Heikes, Minneapolis, for defendant Jennifer Miller.

## OPINION

LANCASTER, J.

This case raises the issue of whether Metropolitan Property and Casualty Company has a duty to defend and indemnify its in-

sured, Jennifer Miller, under a homeowner's policy for failing to warn or prevent the sexual abuse committed by Michael Miller, her husband, against B.M.F., an 11–year–old girl. The district court concluded on summary judgment that Metropolitan had no duty to defend and indemnify, finding no coverage for any of the claims against Jennifer Miller or Michael Miller. B.M.F. appealed the coverage determination as it applied to Jennifer Miller, and a divided panel of the court of appeals reversed. We reverse the court of appeals and reinstate the judgment of the district court, holding that under the terms of the insurance policies, Metropolitan had no duty to defend and indemnify Jennifer Miller for her alleged failure to warn or prevent the sexual abuse suffered by B.M.F.

The facts are undisputed. Between 1990 and 1995, Michael Miller repeatedly sexually abused B.M.F., the young daughter of friends of the Millers. The abuse occurred during times when the Millers were caring for B.M.F. at their home and at times when B.M.F. accompanied the Millers on vacations.

B.M.F. reported the sexual molestation to her parents, and the abuse was eventually reported to the Carver County Sheriff.[1] B.M.F. and her parents subsequently filed a complaint against the Millers alleging injury in the form of sexual molestation. The complaint alleges counts of battery, false imprisonment, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress against Michael Miller, and negligence and negligent infliction of emotional distress against Jennifer Miller. B.M.F. and her parents also seek punitive damages from Michael Miller.

Two Metropolitan insurance policies, a homeowner's policy and a renter's policy, are implicated by this case; however, the policies are identical in all respects necessary for resolution. The policies provide, in relevant part:

### SECTION II LOSSES WE COVER

### COVERAGE F—PERSONAL LIABILITY

---

1. Michael Miller was charged with 26 counts of second-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct. On August 21, 1996, Miller pleaded guilty to five counts of second-degree criminal sexual conduct. Miller admitted he "intentionally engaged in sexual contact with [B.M.F.]." Miller was sentenced to 65 months in prison.

We will pay all sums for **bodily injury** and **property damage** to others for which the law holds **you** responsible because of·an **occurrence.**

The policies define "bodily injury" as:

**"BODILY INJURY"** means any bodily harm, sickness or disease. This term includes required care, loss of services and death if it is a result of such bodily harm, sickness or disease.

**Bodily injury** does not include:

* * * *

c. the actual, alleged or threatened sexual molestation of a person.

The policies define "occurrence" as:

**"OCCURRENCE"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, resulting in **bodily injury** or **property damage** during the term of the policy.

The Millers tendered defense of B.M.F.'s lawsuit to Metropolitan, which refused to defend and indemnify the Millers on the grounds that the Millers' actions were excluded from coverage under the policies. Metropolitan then commenced a declaratory judgment action to determine whether or not it had a duty to defend and indemnify the Millers for any of the claims raised in B.M.F.'s complaint and eventually moved for summary judgment. The district court held that the definition of "bodily injury" contained in the insurance policies precludes coverage for injury from sexual molestation "regardless of whether the insured herself perpetrates the abuse or negligently fails to prevent it." B.M.F. appealed the coverage determination as to Jennifer Miller only, and B.M.F. and Jennifer Miller then entered into a *Miller–Shugart* settlement.[2]

On appeal, a divided court of appeals reversed the district court. The majority concluded that insurers cannot exclude coverage for sexual molestation unless the policy contains language such as "arising out of" or "resulting from" sexual molestation. *Metro-*

*politan Property & Cas. Ins. Co. v. Miller,* No. C6–97–2070, 1998 WL 157358 (Minn.App. 1998). The dissent argued that the majority should not ignore "the parties' unambiguously expressed intent" to preclude coverage for injury in the form of sexual molestation. *Id.* at *4.

■ On appeal from summary judgment, this court asks two questions: (1) whether there are any genuine issues of material fact, and (2) whether the lower court erred in its application of the law. *See State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The parties agree on the facts, leaving only questions of law for this court to review. The interpretation of an insurance policy is one of law which this court reviews de novo. *See Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). The question of whether a legal duty to defend or indemnify arises is a legal question subject to de novo review. *See Auto–Owners Ins. Co. v. Todd,* 547 N.W.2d 696 (Minn.1996) (citing *Stone,* 269 N.W.2d 885).

■ An insurer's duty to defend its insured arises when any part of the claim against the insured is arguably within the scope afforded by the policy. *See Brown v. State Auto. & Cas. Underwriters,* 293 N.W.2d 822, 825–26 (Minn.1980). The duty to defend is broader in scope than the duty to indemnify. *See id.* at 825. An insurer seeking to escape its duty to defend has the burden of establishing that all parts of the cause of action fall clearly outside the scope of coverage. *See Jostens, Inc. v. Mission Ins. Co.,* 387 N.W.2d 161, 165–66 (Minn. 1986).

■ The issue before us is whether the plain language of the policies affords coverage for Jennifer Miller's negligent acts. The policies at issue provide coverage for "bodily injury." "Bodily injury," according to the terms of the policies, "does not include * * * the actual, alleged or threatened sexual molestation of a person." The majority of the court of appeals interpreted the exclusionary

---

**2.** In a *Miller–Shugart* settlement the insured, having been denied any coverage for a claim by the insurer, agrees the claimant may enter judgment against him or her for a sum collectible only from the insurance policy. The settlement must be reasonable to be binding on the insurer if policy coverage is found to exist. *See Miller v. Shugart,* 316 N.W.2d 729, 735 (Minn.1982).

language defining bodily injury to mean that sexual molestation is an act, not a condition. *Metropolitan*, 1998 WL 157358, at \*2. Taken to its logical conclusion this analysis, advocated by B.M.F. on appeal to this court, would result in the following definition of bodily injury: "bodily injury does not include the act of sexually molesting someone." Such a definition is nonsensical,[3] and only invites an ambiguous interpretation of the policy when the policy is clear on its face about what coverage is provided. It also ignores the common and ordinary usage of sexual molestation, which *The Oxford Dictionary* defines as both "[t]he act of molesting someone" and "the condition of being molested." 1 *The New Shorter Oxford Dictionary*, 1808–09 (1993). *See Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 419 (Minn.1997) (stating that the language used in insurance contracts must be given its plain and ordinary meaning).

The plain language of the policies provides no coverage for injury in the form of sexual molestation regardless of whether the injury was caused by an insured or the injury could have been prevented by an insured.[4] The policies provide no coverage for Michael Miller's sexual abuse of B.M.F. and no coverage for Jennifer Miller's alleged failure to warn of or prevent the abuse. This conclusion reflects the parties' intention. Based on a review of the policy, neither Jennifer Miller nor Metropolitan could have intended coverage for injuries from sexual molestation, regardless of whether she or her husband was the perpetrator of the molestation. *See Re-*

*insurance Ass'n v. Hanks*, 539 N.W.2d 793, 797 (Minn.1995) (noting that the court's function in construing the agreement is to give effect to the parties' contractual intentions) (citing *American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn.1983)). We cannot contort the policies' language to reach a different result. *See Columbia Heights Motors v. Allstate Ins. Co.*, 275 N.W.2d 32, 36 (Minn.1979) (cautioning against the invitation to create ambiguities where none exist). Therefore, we reverse the court of appeals and reinstate the judgment of the district court.[5]

Reversed.

---

3. The dissent at the court of appeals labeled the majority's analysis "hypertechnical." *Metropolitan*, 1998 WL 157358, at \*4.

4. The court of appeals reasoned that because Metropolitan chose not to include the phrase "arising out of" or "resulting from" as part of its exclusionary language, it was obligated to defend and indemnify Jennifer Miller. *See Metropolitan*, 1998 WL 157358, at \*2 (citing *Redeemer Covenant Church v. Church Mut. Ins. Co.*, 567 N.W.2d 71, 76–78 (Minn.App.1997), *rev. denied* (Minn., Oct. 2, 1997)) (holding that insurance company had duty to provide coverage for church's negligent supervision of pastor under professional liability policy because policy did not contain clause excluding coverage for actions "arising out of" a criminal act or licentious, immoral or sexual behavior); *see also Allstate Ins. Co. v.*

*Steele*, 74 F.3d 878, 881 (8th Cir.1996) (holding that homeowner's policy precluded coverage for injuries "resulting from" intentional acts). Because we hold that the plain language of the policies in this case precludes coverage for injury in the form of sexual molestation, we do not reach the issue of exclusionary language such as "arising out of" or "resulting from" addressed by the *Redeemer* and *Steele* courts.

5. The court of appeals concluded that the severability clause contained in the policies allows each claim for coverage to be addressed independently. *See Metropolitan*, 1998 WL 157358, at \*3–4. Because we hold that the plain language of the policies precludes coverage for bodily injury in the form of sexual molestation, we do not address the issue of severability.