COLLOTON, Circuit Judge,
concurring in the judgment.
I agree, substantially for the reasons stated by the court, that Federal Insurance Company has not established that all parts of David Sefton’s claims against Eye-blaster, Inc., fall clearly outside the scope of coverage provisions under the General Liability and Errors or Omissions policies that Eyeblaster purchased from Federal, although I would not rely on the consent judgment cited by the court, ante, at 804-05, because it did not exist at the time of Federal’s disputed denial. I do not join the court’s conclusion about exclusions under the General Liability policy. While I agree that Sefton’s computer is not “impaired property” for purposes of the first exclusion, the computer is “property that has not been physically injured” — indeed, the court concludes elsewhere that the computer is “tangible property that is not physically injured.” Ante, at 801. And it is likely that Sefton’s complaint should be read to allege that the damage to his computer arose out of a dangerous condition in Eyeblaster’s product or work, thus satisfying the second criterion for the exclusion. I do agree, however, that there is no applicable exclusion that bars coverage under the Errors or Omissions policy. Because an insurer’s duty to defend arises when any part of the claim against the insured is arguably within the scope of coverage afforded by the policy, Metro. Prop. & Cas. Ins. Co. v. Miller, 589 N.W.2d 297, 299 (Minn.1999), I agree that Federal had a duty to defend. Therefore, I concur in the judgment.